**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**OLAJUWON SMITH
ADC #156184**                                                                                    **PETITIONER**

VS.            CASE NO.: 5:16-CV-66-DPM-BD

**WENDY KELLEY, Director,
Arkansas Department of Correction**                                          **RESPONDENT**

**ORDER**

Pending is petitioner Olajuwon Smith's motion for stay and abeyance. (Docket entry #22) Mr. Smith requests a stay so that he can exhaust state court remedies before proceeding with this federal petition. Director Kelley has not responded, and the time to do so has passed.

A stay and abeyance is appropriate in this circumstance. See *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005)(where a petitioner has good cause for confusion about state filings, has presented potentially meritorious claims, and has not engaged in intentionally dilatory tactics, a district court should stay, rather than dismiss, petition). Mr. Smith has raised potentially meritorious claims in the state courts that address some of the same issues he raises in the pending petition. His previous state filings evidence good cause for some confusion about the process. Mr. Smith also has no reason to delay a determination regarding the legality of his current confinement. Furthermore, it might be an abuse of discretion to deny a stay in this case. See *Rhines v. Weber*, 125 S.Ct. 1528, 1535, 544 U.S. 269, 278 (2005)(it likely would be an abuse of discretion for a district

court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.). Accordingly, Mr. Smith's motion (#22) is GRANTED.

In the motion to stay, Mr. Smith's court-appointed attorney also requests clarification about the scope of his representation; specifically, whether the scope of representation includes state proceedings. (#22) At this time, representation is limited to the federal proceedings. The pending state proceeding involves a writ of error *coram nobis*, which is an exceedingly narrow remedy in Arkansas. *Pitts v. State*, 986 S.W.2d 407, 409, 336 Ark. 580, 582 (Ark. 1999). Mr. Smith has previously shown an ability to raise state court issues related to this habeas petition. Further, it appears the state court has finally acted on Mr. Smith's writ.

The Clerk of Court is directed to administratively terminate this case. Mr. Smith will have thirty (30) days from the conclusion of his state proceedings to file a motion to reopen.[1] Mr. Smith's attorney is directed to provide status updates every ninety (90) days.

IT IS SO ORDERED, this 7th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent may file a motion to reopen at any point when she believes state court remedies are exhausted or no longer available.