## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**OLAJUWON SMITH**
**ADC #156184**                                                  **PETITIONER**

**v.**                            **No. 5:16-cv-66-DPM**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                 **RESPONDENT**

### ORDER

Like many *habeas* cases, this one has become a thicket of procedural issues: deference to the state court's decisions, procedural default, adequacy of the state procedural bar, the *Martinez* exception. The Magistrate Judge pressed through these issues with vigor and care. This Court comes to the same place—dismissal of the petition. But for many of Smith's claims, the Court concludes the better route is to cut to the merits. *McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (*per curiam*). On *de novo* review, the Court therefore adopts the Magistrate Judge's recommendation, *Doc. 77*, as modified and supplemented here, and partly sustains Smith's objections, *Doc. 84*. FED. R. CIV. P. 72(b)(3).

**Freestanding Coercion Claim.** Smith claims that his guilty plea was coerced because the trial court judge made him wear a stun belt under his clothes at trial. The Magistrate Judge concluded that the Arkansas Supreme Court adjudicated this claim on the merits in

Smith's error *coram nobis* proceeding and that the decision was owed deference under the statute.  28 U.S.C. § 2254(d).  The Court agrees that, to the extent the Arkansas Supreme Court adjudicated the merits of Smith's freestanding coercion claim, this federal Court must defer to it.  Further, that Court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).

Smith argues hard, though, that the Arkansas Supreme Court decided only a state law coercion claim — not his federal claim that the stun belt rendered his plea involuntary.  *Doc. 84 at 2–26*;  *Smith v. State*, 2017 Ark. 236, at *5, 523 S.W.3d 354, 358 (2017).  He admits that he did not raise this federal claim in his Arkansas Rule 37 petition; but he argues that the claim is not defaulted because the state procedural bar is inadequate.  The state circuit court dismissed Smith's Rule 37 petition for failing to comply with the Rule's strict formatting requirements.  Smith presses, however, that those requirements are not "adequate" because they're discretionary and not uniformly enforced.

This is a creative argument;  and it might be a winning one if this claim were one of those rejected based on the formatting requirements.  But this claim wasn't raised in Smith's rejected Rule 37 petition.  Smith is therefore looking to the wrong procedural bar.  His claim isn't defaulted because of Rule 37's formatting

requirements; it's defaulted because he didn't raise it at all and can't do so now. *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995); *Anderson v. Kelley*, E.D. Ark. No. 5:12-cv-279-DPM, *Doc. 112 at B-1*, 2017 WL 1160583, at \*11 (28 March 2017).

So, even assuming Smith's freestanding coercion claim isn't subsumed by the claim the Arkansas Supreme Court decided, it's defaulted. And because it's a freestanding claim and not an ineffectiveness claim, *Martinez*'s exception doesn't apply. The Court may therefore reach the merits only if Smith can show cause and actual prejudice. *Murray v. Carrier*, 477 U.S. 478 (1986).

Two notes about prejudice. First, it's not entirely clear whether actual prejudice under *Murray v. Carrier* is judged by the same standard as *Strickland* prejudice or by a slightly higher standard. *Clemons v. Luebbers*, 381 F.3d 744, 752 n.5 (8th Cir. 2004). Because the Court concludes that Smith can't show prejudice under the lower *Strickland* standard, it's unnecessary to resolve that issue. Second, the Court sustains Smith's objection about the correct standard for assessing *Strickland* prejudice. *Doc. 84 at 23–24*. In guilty plea cases, a petitioner must show a reasonable probability that, if not for the alleged error, he wouldn't have pleaded guilty and would have instead proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But courts will not "upset a plea solely because of *post hoc* assertions

-3-

from a defendant about how he would have pleaded" except for the alleged error. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Instead, courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Ibid*.

The record here doesn't show a reasonable probability that Smith would have insisted on continuing with his trial but for the stun belt. As Smith notes, he was adamant about proceeding to trial until right before he accepted the plea offer; and that fact weighs in his favor. But Smith raised no objection about the stun belt during the colloquy with the circuit judge about wearing it. He said nothing during the plea colloquy. He didn't mention it in the post-sentencing letter he wrote to the judge. *Doc. 40-2 at 224–26*. He didn't raise it in his Rule 37 petitions or his state *habeas* petition and reply. *Doc. 40-2 at 235–42 & 250–58; Doc. 40-6 at 4–10 & 55–58*. Instead, it appears that the first time Smith claimed the stun belt was coercive was during his state *habeas* appeal. *Smith v. Hobbs*, 2015 Ark. 312, at *4, 468 S.W.3d 269, 273 (2015). In short, no contemporaneous evidence supports Smith's assertion that he would have continued with his trial but for the stun belt. His coercion claim is inexcusably defaulted.

**Ineffectiveness Claim Based On Stun Belt.** Like the freestanding coercion claim, Smith's related ineffectiveness claim is

- 4 -

defaulted because Smith didn't attempt to raise it in his Rule 37 petition.  *Martinez* provides a path here, but it goes nowhere:  the Court's conclusion about prejudice dooms this claim, too.  The default can't be excused.

**Conflict Of Interest.**  Smith's conflict of interest claim fails on the merits.  The record doesn't support a conclusion that the alleged conflict adversely affected his lawyer's representation.  *Berry v. United States*, 293 F.3d 501, 503 (8th Cir. 2002).  And given the Court's conclusion about the stun belt's lack of effect on Smith's decision to plead guilty, the record doesn't show that the alleged conflict undermined the voluntary nature of Smith's plea.  *Ibid.*

**Remaining Ineffectiveness Claims.**  Smith's remaining ineffectiveness claims fail on the merits, too.  Because Smith pleaded guilty, the focus here "is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional violation."  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). To succeed on any of the remaining ineffectiveness claims, Smith must show that his lawyer's advice to plead guilty "was not within the range of competence demanded of attorneys in criminal cases[.]"  *Ibid*.  Further, in assessing counsel's performance, the Court must "eliminate the distorting effects of hindsight" and

"evaluate the conduct from counsel's perspective at the time."
*Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Smith says that his lawyer was ineffective for advising him to plead guilty despite a possible speedy trial violation, lingering suppression and *Franks* issues, and potential evidentiary challenges. But Smith was entitled to a competent lawyer—not a perfect lawyer who would bird-dog every conceivable factual and legal issue or advise Smith about every possible defense. *Tollett*, 411 U.S. at 267–68. None of Smith's arguments is so clearly meritorious that his lawyer was constitutionally ineffective for advising Smith to plead guilty before pursuing the point. Smith's remaining ineffectiveness claims therefore fail.

\* \* \*

Recommendation, *Doc. 77*, adopted as modified and supplemented. Smith's petition will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2). The Court appreciates appointed counsel's thorough, zealous, and excellent work.

So Ordered.

D.P. Marshall Jr.
United States District Judge

11 September 2020

- 6 -